# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ADAM MALIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 22-0698 (CRC) |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER

Defendants, United States Department of Homeland Security ("DHS"), United States Customs and Border Protection ("CBP"), United States Citizenship and Immigrations Services ("CIS"), United States Immigration and Customs Enforcement ("ICE"), National Archives and Records Administration ("NARA"), Federal Bureau of Investigation ("FBI"), Alejandro Mayorkas, Secretary of DHS, Chris Magnus, Commissioner of CBP, Ur Jaddo, Director of USCIS, Tae Johnson, Acting Director of ICE,  David Ferriero, (former) Archivist of the United States, Christopher Wray, Director of the FBI, through undersigned counsel, hereby submit the following answer to Plaintiff's, Adam Malik, Complaint:

## I.    NATURE OF THE ACTION[1]

1.    Paragraph 1 consists of a characterization of this action, to which no response is required.

---

[1]    For ease of reference, Defendants refer to the Complaint's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## II.      JURISDICTION AND VENUE

2.      Defendants admit that the Court has subject matter jurisdiction over proper Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") claims.

3.      This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny.

4.      Paragraph 4 consists of conclusions of law, to which no response is required. Defendants deny that Plaintiff is entitled to the relief sought in this paragraph or to any relief whatsoever based on the allegations in the Complaint.

5.      Defendants admit only that venue is proper in the District of Columbia for this FOIA action.

## III.      PARTIES

6.      Defendants admit only that Plaintiff is a United States citizen. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

7.      Defendants admit first and second sentence and deny the third.

8.      Admit.

9.      Defendants admit that ICE is a federal executive department headquartered in Washington D.C., and an agency within the meaning of 5 U.S.C. § 552.  The remainder of this paragraph consists of conclusions of law to which no response is required.

10.      Defendants admit CBP is a component entity of DHS with border protect responsibilities.  Defendants admit that CBP is an agency with the meaning of 5 U.S.C. §  552(f). The third sentence of Paragraph 4 consists of conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegation.

11.     Defendants admit that the FBI is a law enforcement organization; the remainder of the the first sentence of Paragraph 11 contains characterization to which no response is required.  As to the second sentence, Defendants deny that the FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admit that the FBI is a component of the Department of Justice, which is subject to the requirements of the FOIA.  The third sentence is a legal conclusion to which no response is required.

12.     Defendants admit the first two sentences of Paragraph 12.  The last sentence in Paragraph 12 contains a conclusion of law to which no response is required.  To the extent a response is required to the last sentence of the paragraph, it is denied.

13.     Defendants admit the Alejandro Mayorkas is the Secretary of the Department of Homeland Security and deny that he is a properly named as a defendant in a FOIA action.   The second sentence of Paragraph 13 is a legal conclusion to which no response is required.  The third sentence of Paragraph 13 contains a characterization of Plaintiff's complaint to which no response is required.

14.     Defendants admit that Ur Jaddou is the Director of USCIS, deny that she is properly named as a defendant in a FOIA action, and identify the remainder of the first sentence of Paragraph 14 as a legal conclusion to which no response is necessary.  Defendants admit the second sentence of Paragraph 14.  The third sentence of Paragraph 14 contains a legal conclusion to which no response is required.

15.     Defendants admit that Chris Magnus is the Commissioner of the CBP and deny that he is properly named as a defendant in a FOIA action.  The second sentence of Paragraph 15 is a legal conclusion to which no response is required.  The third sentence of Paragraph 15 contains a characterization of Plaintiff's complaint to which no response is required.

16.     Defendants admit that Tae Johnson is currently Acting Director for ICE and deny that he is properly named as a defendant in a FOIA action.  Defendants deny the second sentence of Paragraph 16.  The third sentence of Paragraph 16 is a legal conclusion to which no response is required.  The fourth sentence of Paragraph 16 contains a characterization of Plaintiff's complaint to which no response is required.

17.     Defendants admit that David Ferriero was the Archivist of the United States at the time this complaint was filed and deny that he is properly named as a defendant in a FOIA action.  The second sentence of Paragraph 17 is a legal conclusion to which no response is required.  The third sentence of Paragraph 17 contains a characterization of Plaintiff's complaint to which no response is required.

18.     Defendants admit that Christopher Wray is the Director of the FBI and deny that he is properly named as a defendant in a FOIA action.  The second sentence of Paragraph 18 is a legal conclusion to which no response is required.  The third sentence of Paragraph 18 contains a characterization of Plaintiff's complaint to which no response is required.

## IV.     LEGAL FRAMEWORK

19.     Paragraph 19 consists of conclusions of law, to which no response is required.

## V.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

20.     Paragraph 20 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## VI.     STATEMENT OF FACTS

21.     Paragraph 21 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegation.

22.     Paragraph 22 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegation.

A.     **Government Agencies' Acquisition of Plaintiff's Personal Information**

23.     Paragraph 23 consists of Plaintiff's characterization of himself, to which no response is required, as well as Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

24.     Paragraph 24 contains allegations that are immaterial to this action to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiff was previously employed by USCIS.  The second sentence does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendants lack sufficient information or knowledge to admit or deny.

25.     Paragraph 25 contains allegations that are immaterial to this action to which no response is required.

26.     Paragraph 26 contains allegations that are immaterial to this action to which no response is required.

27.     Paragraph 27 contains allegations that are immaterial to this action to which no response is required.

28.     Paragraph 28 contains allegations that are immaterial to this action to which no response is required.

29.     Paragraph 29 contains allegations that are immaterial to this action to which no response is required.

30.     Paragraph 30 contains allegations that are immaterial to this action to which no response is required.

31.     Paragraph 31 contains allegations that are immaterial to this action to which no response is required.

32.     Paragraph 32 contains allegations that are immaterial to this action to which no response is required.

33.     Paragraph 33 contains allegations that are immaterial to this action to which no response is required.

34.     Paragraph 34 contains allegations that are immaterial to this action to which no response is required.

35.     Paragraph 35 contains allegations that are immaterial to this action to which no response is required.

36.     Paragraph 36 contains allegations that are immaterial to this action to which no response is required.

37.     Paragraph 37 contains allegations that are immaterial to this action to which no response is required.

38.     Paragraph 38 contains allegations that are immaterial to this action to which no response is required.

39.     Paragraph 39 contains allegations that are immaterial to this action to which no response is required.

40.     Paragraph 40 contains allegations that are immaterial to this action to which no response is required.

**B.     CBP's History of Misconduct and Impunity**

41.     Defendants admit only that the articles exist. Defendants deny the remaining allegations.

42.     Defendants admit only that the articles exist. Defendants deny the remaining allegations.

43.     Defendants admit only that the articles exist. Defendants deny the remaining allegations.

44.     Defendants admit only that CBP is designated a "Security Agency."

45.     Paragraph 45 contains allegations that are immaterial to this action to which no response is required.

46.     Paragraph 46 contains allegations that are immaterial to this action to which no response is required.

47.     Paragraph 47 contains allegations that are immaterial to this action to which no response is required.

48.     Paragraph 48 contains allegations that are immaterial to this action to which no response is required.

## C.    FBI's History of Misconduct and Impunity

49.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

50.     This paragraph consists of a characterization of a separate legal action; it does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

51.     This paragraph consists of a characterization of a separate legal action; it does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

52.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

53.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

54.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

55.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

56.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

> **D.      Plaintiff's FOIA Requests and Defendants' Failure to Respond**

57.     Paragraph 57 contains allegations of Plaintiff's sending multiple FOIA requests to which no response is required because sending does not involve Defendants.

> **E.      Defendant CBP's Failure to Timely Comply with Plaintiff's First Request**

58.     Defendants lack sufficient information to respond to the allegation of Plaintiff's actions, but deny that CPB received the FOIA request from Plaintiff that is described in Paragraph 59.

59.     Paragraph 59 characterizes Plaintiff's FOIA request, and Defendants respectfully refer the Court to that document for a true and complete statement of its contents.

60.     Defendants deny the allegation.

61.     Defendants admit the allegation.

62.     Defendants admit the allegation that no final determination had been made at the time Plaintiff filed the Complaint.

63.     Paragraph 63 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendants deny.

64.     Defendants deny the allegation.

**F.     Defendant CBP's Failure to Timely Comply with Plaintiff's Second Request**

65.     Defendants admit the allegations, but not the characterization contained in Paragraph 65.

66.     Paragraph 66 characterizes Plaintiff's FOIA request, and Defendant respectfully refers the Court to that document for a true and complete statement of its contents.

67.     Defendants admit the allegation.

68.     Defendants deny the allegations in Paragraph 68.

69.     Paragraph 69 consists of conclusions of law, to which no response is required.

70.     Defendants deny the allegation.

**G.     Defendant CBP's Failure to Timely Comply with Plaintiff's Third Request**

71.     Defendants admit the allegations but not the characterization in Paragraph 71.

72.     Paragraph 72 characterizes Plaintiff's FOIA request, and Defendant respectfully refers the Court to that document for a true and complete statement of its contents

73.     Defendants admit the allegation regarding assigning a tracking number, but deny the characterization as a "third request."

74.      Paragraph 74 characterizes CBP's letter dated July 1, 2021, and Defendants respectfully refer the Court to that document for a true and complete statement of its contents.

75.     Admit to the extent Plaintiff appealed the denial on August 2· 2021. but deny as to characterization of a second denial.

76.     Paragraph 76 characterizes CBP's response to Plaintiff's appeal, and Defendants respectfully refer the Court to that document for a true and complete statement of its contents.

77.     Paragraph 77 consists of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny.

78.     Defendants deny the allegation.

**H.     Defendant CBP's Failure to Timely Comply with Plaintiff's Fourth Request**

79.     Defendants admit the allegation of Plaintiff's sending a FOIA request by admitting receipt, but deny the characterization.

80.     Paragraph 80 characterizes Plaintiff's FOIA request, and Defendant respectfully refers the Court to that document for a true and complete statement of its contents

81.     Defendants admit that Plaintiff requested Expedited Processing of his February 8, 2022 FOIA request. Defendants admit that CBP denied Plaintiff's request on February 16, 2022. To the extent the remaining allegation characterizes CBP's denial letter, Defendants respectfully refers the Court to that document for a true and complete statement of its contents.

82.     Paragraph 82 consists of conclusions of law, to which no response is required.

83.     Defendants deny the allegation.

**I.     Defendant USCIS's Failure to Timely Comply with Plaintiff's Request**

84.     Admit.

85.     Paragraph 85 purports to characterize Plaintiff's March 8, 2021, FOIA request, to which Defendant respectfully refers the Court for a true and complete statement of its contents and denies all allegations inconsistent therewith.

86.     Admit.

87.     Paragraph 87 purports to characterize a May 19, 2021, letter from USCIS, to which Defendants respectfully refers the Court for a true and complete statement of its contents and denies all allegations inconsistent therewith.

88.     Paragraph 88 purports to characterize a May 19, 2021, letter from USCIS, to which Defendants respectfully refer the Court for a true and complete statement of its contents and denies all allegations inconsistent therewith.

89.     Paragraph 89 purports to characterize Plaintiff's June 8, 2021, letter, to which Defendants respectfully refer the Court for a true and complete statement of its contents and deny all allegations inconsistent therewith.

90.     Admit.

91.     Paragraph 91 purports to characterize an August 23, 2021, letter from USCIS, to which Defendants respectfully refer the Court for a true and complete statement of its contents and denies all allegations inconsistent therewith.

92.     Paragraph 92 purports to characterize an August 23, 2021, letter from USCIS, to which Defendants respectfully refer the Court for a true and complete statement of its contents and denies all allegations inconsistent therewith.

93.     Paragraph 93 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit with respect to Plaintiff's FOIA request to USCIS.

94.     Deny.

**J.     Defendant FBI's Failure to Timely Comply with Plaintiff's First Request**

95.     Deny that Plaintiff submitted a FOIA request to FBI on July 31, 2018, but admit that the FBI received a referral of records from USCIS on or about January 10, 2020, for direct response to Plaintiff.

96.     Admit only that the FBI sent Plaintiff a letter dated June 11, 2020.  Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

97.     The first sentence is a legal conclusion to which no response is required.  As to the second sentence, admit only that OIP received a letter from Plaintiff on or about August 24, 2020.  Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

98.     Admit only that OIP sent Plaintiff a letter dated October 13, 2020.  Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

99.     This paragraph is a legal conclusion to which no response is required.

100.    This paragraph is a legal conclusion to which no response is required.

**K.      Defendant FBI's Failure to Timely Comply with Plaintiff's Second Request**

101.    Admit only that the FBI received from Plaintiff a request dated March 8, 2021. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents.  Deny that this was the second FOIA request Plaintiff submitted to the FBI.

102.    Admit only that the FBI received from Plaintiff a request dated March 8, 2021. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents.

103.    Admit only that the FBI sent Plaintiff a letter dated March 19, 2021.  Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

104.    Admit only that the FBI received from Plaintiff an e-mailed letter dated May 6, 2021.  Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents.

105.    As to the first sentence, admit only that the FBI sent Plaintiff a letter dated April 2, 2021.  Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.  As to the second sentence, admit only that the FBI received from Plaintiff a faxed letter dated April 8, 2021.  Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents.

106.    Deny, and aver that the FBI communicated with Plaintiff via email dated May 7, 2021, regarding this request.

107.    This paragraph is a legal conclusion to which no response is required.

108.    This paragraph is a legal conclusion to which no response is required.

   **L.    Defendant ICE's Failure to Timely Comply with Plaintiff's Request**

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111.

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

113.    The allegations contained in paragraph 113 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations

114.    The allegations contained in paragraph 114 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

**M.    <u>Defendant NARA's Failure to Timely Comply with Plaintiff's Request</u>**

115.    Defendants admit that NARA received a FOIA request from Plaintiff dated June 8, 2021.

116.    This paragraph contains Plaintiff's characterization of his request to which no response is required, and Defendants respectfully refer the Court to the June 8, 2021 request.

117.    Defendants admit that NARA received a FOIA request from Plaintiff dated June 8, 2021.

118.    Deny.

119.    Deny.

**VII.    CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION
DECLARATORY JUDGEMENT ACT**

120.    Defendants incorporate its responses to the allegations in the preceding paragraphs as if fully set forth herein.

121.    The allegations in Paragraph 121 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121.

**SECOND CAUSE OF ACTION
INJUNCTIVE RELIEF**

122.    Defendants incorporate its responses to the allegations in the preceding paragraphs as if fully set forth herein.

123.    The allegations in Paragraph 123 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 123.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE FOIA – IMPROPER WITHHOLDING OF AGENCY RECORDS

124.    Defendants incorporate its responses to the allegations in the preceding paragraphs as if fully set forth herein.

125.    The allegations in Paragraph 125 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125.

126.    The allegations in Paragraph 126 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 126.

127.    The allegations in Paragraph 127 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 127.

128.    The allegations in Paragraph 128 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128.

129.    The allegations in Paragraph 129 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 129.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE FOIA – FAILURE TO MAKE A DETERMINATION AND PROMPTLY PRODUCE RESPONSIVE DOCUMENTS

130.    Defendants incorporate its responses to the allegations in the preceding paragraphs as if fully set forth herein.

131.    The allegations in Paragraph 131 are legal conclusions to which no response is required.

132.    The allegations in Paragraph 132 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 132.

133.    The allegations in Paragraph 133 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 133.

134.    The allegations in Paragraph 134 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 134.

135.    The allegations in Paragraph 135 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136.    The allegations in Paragraph 136 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 136.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE FOIA – FAILURE TO CONDUCT AN ADEQUATE**
**SEARCH FOR RESPONSIVE RECORDS**

137.    Defendants incorporate its responses to the allegations in the preceding paragraphs as if fully set forth herein.

138.    The allegations in Paragraph 138 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 138.

139.    The allegations in Paragraph 139 are legal conclusions to which no response is required.

140.    The allegations in Paragraph 140 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 140.

141.    The allegations in Paragraph 141 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 141.

16

142.    The allegations in Paragraph 142 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 142.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE FOIA – FAILURE TO EXPEDITE

143.    Defendants incorporate its responses to the allegations in the preceding paragraphs as if fully set forth herein.

144.    Defendants admit the allegation.

145.    Defendants admit the allegation.

146.    The allegations in Paragraph 146 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 146.

147.    The allegations in Paragraph 147 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148.    The allegations in Paragraph 148 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 148.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE FOIA – REQUEST FOR ATTORNEY FEES

149.    Defendants incorporate its responses to the allegations in the preceding paragraphs as if fully set forth herein.

150.    The allegations in Paragraph 150 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 150.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF THE APA – ARBITRARY AND CAPRICIOUS

151.    Defendants incorporate its responses to the allegations in the preceding paragraphs as if fully set forth herein.

152.    The allegations in Paragraph 152 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 152.

153.    The allegations in Paragraph 153 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 153.

**NINTH CAUSE OF ACTION**
**VIOLATION OF THE APA – EQUAL ACCESS TO JUSTICE ACT**

154.    Defendants incorporate its responses to the allegations in the preceding paragraphs as if fully set forth herein.

155.    The allegations in Paragraph 155 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 155.

156.    Paragraph 156 consists of a characterization of this action, to which no response is required.

**TENTH CAUSE OF ACTION**
**VIOLATION OF THE FOIA – PATTERN AND PRACTICE OF FAILING TO TIMELY ADJUDICATE FOIA PROCESSING REQUESTS**

157.    Defendants incorporate its responses to the allegations in the preceding paragraphs as if fully set forth herein.

158.    The allegations in Paragraph 158 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159.    The allegations in Paragraph 159 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 159.

160.    The allegations in Paragraph 160 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 161.

162.    The allegations in Paragraph 162 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 162.

## ELEVENTH CAUSE OF ACTION
## APPOINTMENT OF SPECIAL MASTER

163.    Defendants incorporate its responses to the allegations in the preceding paragraphs as if fully set forth herein.

164.    The allegations in Paragraph 164 are legal conclusions to which no response is required.

165.    The allegations in Paragraph 165 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 165.

166.    The allegations in Paragraph 166 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 166.

## VIII.   REQUEST FOR RELIEF

The paragraph beginning "WHEREFORE" and subparagraphs lettered (A) through (R) consist of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations and denies that Plaintiff is entitled to the relief they seek, or to any relief at all.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. For further defenses, Defendants allege as follows:

## FIRST DEFENSE

The information that Plaintiff seeks in its FOIA request is exempt from disclosure under FOIA, and Defendants have not improperly withheld any records under 5 U.S.C. § 552, as amended.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceeds the relief authorized by FOIA, 5 U.S.C. § 552.

## THIRD DEFENSE

Any information that Defendants have withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552.

## FOURTH DEFENSE

The Tenth Cause of Action, alleging an unlawful agency policy or practice, is barred by Plaintiff's failure to exhaust administrative remedies for that claim.  Other claims in the Complaint are also barred by failure to exhaust administrative remedies.

Defendants may have additional defenses which are not known at this time but which may become known through further proceedings. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, having fully answer the Complaint, Defendants respectfully prays that the Court deny Plaintiff any relief.

DATED:  May 23, 2022          Respectfully submitted,
Washington, D.C.

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   _/s/ John Moustakas_____
JOHN MOUSTAKAS, D.C. Bar #442076
Assistant United States Attorney

20

601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2518
john.moustakas@usdoj.gov

*Counsel for Defendants*