UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM MALIK,<br><br>   Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>   Defendants. | Civil Action No. 22-0698 (CRC) |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO SUBMIT DECLARATIONS UNDER SEAL AND *EX PARTE, IN CAMERA* IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, through undersigned counsel, respectfully submit this reply brief in further support of their motion for leave to submit declarations under seal and *ex parte*, *in camera* in support of Defendants' Motion for Summary Judgment.

Defendants here have met the requisite standard for their declarations to be submitted under seal, *ex parte*, and *in camera* because, after publicly filing detailed declarations and *Vaughn* indices for each Defendant Agency setting forth the maximum information possible, it is necessary to disclose additional information to the Court to support asserted exemptions.

Plaintiff's repeated reference to a required "compelling" justification for acceptance of *ex parte* motions drawn from *United States v. DiMasi*, 692 F. Supp. 2d 166 (D. Mass. 2010), an out of circuit criminal case in which an *ex parte* motion was rejected, is entirely misplaced. *See* Pl.'s Opp'n at 2, 6, ECF No. 32. *DiMasi* considered the propriety, under First Circuit precedent of accepting *ex parte* information in opposition to a criminal defendant's motion to dismiss. *See DiMasi*, 692 F. Supp. 2d at 167-68. *DiMasi* also explicitly noted that it was assessing a case of the

government's affirmative use of *ex parte* information and therefore "requir[ing] a justification that is "far more compelling'" than in a case where the government introduced *ex parte* information "to protect information from disclosure." *Id.* at 169-70.

In any event, the D.C. Circuit in *Arieff v. Department of Navy*, 712 F.2d 1462, 1471 (D.C. Cir. 1983), established a specific test for the use of *ex parte* affidavits in FOIA matters, noting that it required a different analysis from other types of cases. *Arieff* stated that the acceptance of *ex parte* procedures was "out of accord with normal usage under our common law tradition," was necessary in the unusual field of FOIA cases, and that adjudicating FOIA disputes "can often not be performed by proceeding in the traditional fashion, so that what is a rarity among [] cases generally must become [] commonplace in this unique field." 712 F.2d 1462, 1471 (D.C. Cir. 1983); *see also Perioperative Servs. & Logistics, LLC v. Dep't of Veterans Affs.*, 57 F.4th 1061, 1065 (D.C. Cir. 2023) (noting that, regarding *ex parte* affidavits, FOIA cases as a class present an unusual dilemma"). Thus, Plaintiff's citation to the need for "compelling" justification lifted from an out of circuit criminal case is inapplicable. Instead, *Arieff* holds that the standard of whether there is "absolute necessity" to receive an affidavit *ex parte* and *in camera* "exists when: (1) the validity of the government's assertion of exemption cannot be evaluated without information beyond that contained in the public affidavits and in the records themselves, and (2) public disclosure of that information would compromise the secrecy asserted." 712 F.2d at 1471.

Contrary to the contentions in Plaintiff's brief in opposition, the Defendants' motion clearly set out the requisite justification for submission of declarations under seal, *ex parte*, and *in camera*. Specifically, the motion stated that the submission of declarations under seal, *ex parte*, and *in camera* "is necessary because certain information needed to support the Defendants' exemption claims cannot be stated on the public record due to the sensitivity of the information and the

2

Defendants are unable to fully justify its position on the public record." Mot. for Leave at 1, ECF No. 30. That is precisely the standard set forth by the D.C. Circuit in *Arieff*. Similarly, guarded justifications have been accepted as a sufficient basis to accept declarations under seal, *ex parte*, and *in camera* to support the basis for the assertion of FOIA exemptions. *See, e.g.*, *Farahi v. FBI*, Civ. A. No. 15-2122 (RBW), 2020 WL 12118872, at *2 (D.D.C. Oct. 21, 2020) (accepting as sufficient the defendant's assertion that "filing this declaration and its accompanying exhibits *ex parte* and *in camera* 'is necessary because certain information needed to support the [d]efendant's exemption claims cannot be stated on the public record due to the sensitivity of the information and because the [defendant] is unable to fully justify its position on the public record.'"). And, to be clear, here the submission of declarations *ex parte* and *in camera*, as opposed to merely under seal, is necessary because certain information needed to support the Defendants' exemption claims cannot be disclosed to Plaintiff due to the sensitivity of the information and the Defendants are unable to fully justify their position to Plaintiff without disclosing the very material sought to be kept secret.[1]

Defendants have disclosed the fullest amount of information that is possible to be divulged—either publicly or to Plaintiff—without revealing additional aspects of the information sought to be exempt and are not able to publicly provide further justification or more specific details supporting the necessity for additional information to be submitted *ex parte* and *in camera*. An adequate basis indicating the need for an *ex parte* and *in camera* submission can be gleaned from the existing record.

---

[1] Strangely, Plaintiff's Opposition makes multiple references to Defendants' unwillingness to provide additional information justifying the necessity here to Plaintiff's "counsel." *See* Pl.'s Opp'n at 2 ("even via counsel"), at 3 (also the Plaintiffs and counsel"), at 4 ("via counsel"). Defendants note that, although Plaintiff is an attorney, he is proceeding pro se in this action and there is no Plaintiff's counsel here.

This suit arises from Plaintiffs' FOIA requests to several agencies, five of which are defendants in this suit, and a number of which have law enforcement and national security roles. In the Complaint and subsequent filings, Plaintiff has repeatedly touted his connection to immigration matters, criminal matters, and national security matters. *See* Compl. ¶ 23, ECF No. 1 ("Plaintiff occasionally represents clients in criminal and nation [sic] security investigations."); Plaintiff's Decl. at 10, ECF No. 32 ("My practice primarily focuses on immigration law but some of my practice involves other practice areas, e.g., criminal law and investigations conducted by law enforcement agencies of the Defendant United States Department of Homeland Security . . . and the Federal Bureau of Investigation.").

Plaintiff sought both broad searches of his name, requesting searches of "ALL variations of [his] name" "between Jan 2002 until the date search is executed," as well as specific requests for "Personal file and/or Human Resource file" and "background and security checks." *See* USCIS Decl. ¶ 8, ECF No. 31-3; ICE Decl. ¶ 8, ECF No. 31-5; FBI Decl. ¶ 12, ECF No. 31-5; NARA Decl. ¶ 10, ECF No. 31-6. As a result of searching for this information, four agencies—Customs and Border Protect ("CBP"), U.S. Citizenship and Immigration Services ("USCIS"), Immigration and Customs Enforcement ("ICE"), and the Federal Bureau of Investigation ("FBI")—each asserted FOIA Exemption 7(E) to protect records compiled for law enforcement purposes that would disclose techniques and procedures or guidelines. USCIS also publicly indicated in its declaration and *Vaughn* index that its asserted Exemptions 1 and 3 would "be explained in USCIS's *in camera*, *ex parte* declaration." USCIS Declaration ¶¶ 16, 19, ECF No. 31-3; USCIS *Vaughn* Index at 69, ECF No. 31-4.

Exemption 1 protects from disclosure records that are specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign

policy; and are in fact properly classified pursuant to such Executive Order. Exemption 3 protects from disclosure any information "specifically exempted from disclosure by statute." Thus, this case has elements which touch on the "rare cases . . . where an *ex parte* submission, with a detailed description of the nature of the withheld document and the reasons underlying the exemption, [i]s necessary." *Perioperative Servs.*, 57 F.4th at 1066.

In any case, this is not a situation where, as Plaintiff complains, "[the] categories of information the government wants the Court to consider, or the number of documents or exclusions being claimed by the government, . . . are completely unknown. *See* Pl.'s Opp'n at 3. Indeed, Defendants have provided public declarations and detailed public *Vaughn* indices for each agency setting forth, to the fullest extent possible, the categories of materials at issue and the basis for any asserted exemptions. *See* CBP Decl. & Exs., ECF No. 31-2; USCIS Decl., ECF No. 31-3; USCIS *Vaughn* Index, ECF No. 31-4; ICE Decl., ECF No. 31-5; ICE *Vaughn* Index, ECF No. 31-6; FBI Decl. & Exs., ECF No. 31-7; NARA Decl. & Exs., ECF No. 31-8. However, as Defendants indicated, there is a limited amount of additional information that, because of its sensitivity cannot be filed publicly or disclosed to Plaintiff that is necessary to support asserted exemptions. Therefore, it is absolutely necessary that Defendants submit this information via declarations filed under seal, *ex parte*, and *in camera*.

Once this Court is made aware that the Defendants' asserted exemptions necessarily can only be explained by a proffered *ex parte* and *in camera* declaration, it "has the duty to decide the case on the fullest offered record, [and] should not [refuse] to examine the affidavit." *Pub. Citizen Health Rsch. Grp. v. Dep't of Lab.*, 591 F.2d 808, 809 (D.C. Cir. 1978).

Upon examination of the proffered *ex parte*, *in camera* declaration, the Court may find that the information is unnecessary beyond what is publicly filed, and, if so, choose not to rely on its

5

contents in the decision. *Lykins v. Dep't of Just.*, 725 F.2d 1455, 1465 (D.C. Cir. 1984). Alternatively, if the Court uses the proffered declaration in its decision, "it must both make its reasons for doing so clear and make as much as possible of the *in camera* submission available to the opposing party." *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 580 (D.C. Cir. 1996). However, at that time, the Court will have had the opportunity to review the information that Defendants contend is necessary and cannot be publicly disclosed and will be able to make its own determination as to the necessity on the "fullest offered record." *Pub. Citizen*, 591 F.2d at 809.

Accordingly, for the reasons stated above, in their original motion, and in the publicly filed declarations and indices submitted in support of their motion for summary judgment, Defendants respectfully request leave to submit the declarations under seal, *ex parte*, and *in camera.*

| | |
|---|---|
| Date: April 11, 2024<br>Washington, DC | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar # 481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By:      */s/ Sam Escher*<br>SAM ESCHER, D.C. Bar # 1655538<br>Assistant United States Attorney<br>601 D Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-2531<br>Sam.Escher@usdoj.gov<br><br>*Attorneys for the United States of America* |