UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM MALIK,<br><br>       Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>       Defendants. | Civil Action No. 22-0698 (CRC) |

**DEFENDANT USCIS'S RENEWED MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT THEREOF**

## TABLE OF CONTENTS

**BACKGROUND** .................................................................................................................... 1

I.      January 3, 2021, Incident and Government Distrust............................................................ 1

II.    FOIA Request to USCIS and Procedural History................................................................ 2

**LEGAL STANDARDS** ........................................................................................................ 4

**ARGUMENTS**....................................................................................................................... 5

I.      Exemption 7(E)................................................................................................................... 5

II.    Exemptions 6 and 7(C) ....................................................................................................... 8

III.   Exemption 5 – Deliberative Process Privilege.................................................................. 10

IV.   USCIS Reasonably Segregated Nonexempt Information from the Memo ........................ 12

**CONCLUSION** ..................................................................................................................... 13

# TABLE OF AUTHORITIES

**CASES**

*Advancement Project v. DHS*,
549 F. Supp. 3d 128 (D.D.C. 2021) .................................................................................. 6

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ........................................................................................................... 5

*Cabezas v. FBI*,
109 F.4th 596 (D.C. Cir. 2024) ......................................................................................... 9

*Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*,
854 F.3d 675 (D.C. Cir. 2017) .......................................................................................... 8

*Clemente v. FBI*,
867 F.3d 111 (D.C. Cir. 2017) .......................................................................................... 5

*Coastal States Gas Corp. v. Dep't of Energy*,
617 F.2d 854 (D.C. Cir. 1980) ........................................................................................ 11

*Dudman Commc'ns Corp. v. Dep't of Air Force*,
815 F.2d 1565 (D.C. Cir. 1987) ...................................................................................... 10

*Elec. Priv. Info. Ctr. v. Dep't of Just.*,
18 F.4th 712 (D.C. Cir. 2021) ........................................................................................... 9

*Evans v. Fed. Bureau of Prisons*,
951 F.3d 578 (D.C. Cir. 2020) .......................................................................................... 5

*Fish & Wildlife Serv. v. Sierra Club, Inc.*,
592 U.S. 261 (2021) ......................................................................................................... 10

*Groenendal v. Exec. Off. for U.S. Att'ys*,
Civ. A. No. 20-1030 (DLF), 2024 WL 1299333 (D.D.C. Mar. 27, 2024) ..................... 9

*Kendrick v. FBI*,
Civ. A. No. 20-2900 (TNM), 2022 WL 4534627 (D.D.C. Sept. 28, 2022) ................... 7

*Lewis v. Dep't of Treasury*,
851 F. App'x 214 (D.C. Cir. 2021) ................................................................................. 13

*Malik v. DHS*,
Civ. A. No. 22-0698 (CRC), 2025 WL 763642 (D.D.C. Mar. 11, 2025) ......... 4, 7, 11, 12

*Mayer Brown LLP v. IRS*,
562 F.3d 1190 (D.C. Cir. 2009) ........................................................................................ 6

*Mead Data Cent., Inc. v. Dep't of Air Force*,
566 F.2d 242 (D.C. Cir. 1977) ............................................................................................. 13

*Mittleman v. OPM*,
76 F.3d 1240 (D.C. Cir. 1996) ............................................................................................... 8

*Morley v. CIA*,
508 F.3d 1108 (D.C. Cir. 2007) ............................................................................................. 8

*Nat'l Archives & Recs. Admin. v. Favish*,
541 U.S. 157 (2004) ............................................................................................................... 9

*New Orleans Workers' Ctr. for Racial Just. v. USCIS*,
373 F. Supp. 3d 16 (D.D.C. 2019) ......................................................................................... 6

*NLRB v. Sears, Roebuck & Co.*,
421 U.S. 132 (1975) ............................................................................................................. 10

*Pinson v. Dep't of Just.*,
313 F. Supp. 3d 88 (D.D.C. 2018) ......................................................................................... 6

*Reps. Comm. for Freedom of the Press v. FBI*,
3 F.4th 350 (D.C. Cir. 2021) ............................................................................................... 11

*Roth v. Dep't of Just.*,
642 F.3d 1161 (D.C. Cir. 2017) ............................................................................................. 8

*Schrecker v. Dep't of Justice*,
349 F.3d 657 (D.C. Cir. 2003) ............................................................................................. 10

*Sussman v. Marshals Serv.*,
494 F.3d 1106 (D.C. Cir. 2007) ..................................................................................... 9, 12

*Tax Analysts v. IRS*,
294 F.3d 71 (D.C. Cir. 2002) ................................................................................................. 6

*Waterman v. IRS*,
61 F.4th 152 (D.C. Cir. 2023) ............................................................................................. 10

**STATUTES**

5 U.S.C. § 552 ......................................................................................................... passim

**RULES**

Fed. R. Civ. P. 56 ................................................................................................................ 1, 4

LCvR 7(h) ................................................................................................................................ 1

Defendant United States Citizenship and Immigration Services ("USCIS"), through undersigned counsel, respectfully files this renewed motion for summary judgment under Federal Rule of Civil Procedure ("Rule") 56 and Local Civil Rule ("Local Rule") 7(h) against Plaintiff Adam Malik's claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## BACKGROUND

**I.      January 3, 2021, Incident and Government Distrust**

According to his complaint, "Plaintiff is a licensed attorney in the State of Texas and has built a practice of representing individuals in U.S. Immigration and Naturalization matters, including matters brought against Defendants and in removal proceedings." Compl. ¶ 23, ECF No. 1. "Plaintiff occasionally represents clients in criminal and nation[al] security investigations." *Id.* "Plaintiff also represents, and has represented in the past, clients who are under investigation by the FBI." *Id.*

According to Plaintiff, he "has also been previously targeted, for many years, by the Defendants in an effort to discriminate, harass, embarrass, retaliate, scare, and/or seek retribution against [him] for the work that he does and for other reasons." *Id.* ¶ 24. He claims that he "has also been targeted due to his national origin, religion, race, ethnicity and other inherent characteristics." *Id.* Generally, Plaintiff does not trust the government. *See, e.g., id.* ¶ 42 ("CBP has a long history of troubling enforcement tactics and mistreatment of people in its custody."), *id.* ("CBP created and operates with a 'secret division' to target Americans and violate their constitutional and civil rights with a free pass at the borders."), *id.* ¶ 49 ("The FBI has had a long and problematic history with targeting and surveilling people of the Muslim faith.").

On January 3, 2021, "Plaintiff was attempting to reenter the United States after travel to Costa Rica." *Id.* ¶ 30. "Plaintiff attempted to reenter through a Global Entry kiosk located at the Dallas-Fort Worth International Airport." *Id.* He alleges that he was "rejected entry at the kiosk

and transferred to an in-person primary inspection, and then to a secondary inspection area." *Id*. He alleges that he was confronted by three officers in the secondary inspection area who interrogated him, seized his cell phone, searched his cell phone, assaulted him, and "created derogatory reports" against him to "create irreparable harm" to him and his family "in U.S. Government databases." *Id.* ¶¶ 30-41.

## II.     FOIA Request to USCIS and Procedural History

In response to the January 3, 2021, incident above, Plaintiff submitted FOIA requests to several agencies, five of which were defendants in this lawsuit: (1) United States Customs and Border Protection ("CBP"), (2) United States Citizenship and Immigration Services ("USCIS"), (3) United States Immigration and Customs Enforcement ("ICE"), (4) the Federal Bureau of Investigation ("FBI"), and (5) the National Archives and Records Administration (the "Archives" or "NARA").

For this motion, the only relevant FOIA request is the one to USCIS, which was dated March 8, 2021, and read as follows:

> First, I request for the Information Technology department to search its email systems and/or other communications methods and provide me with copies of the records that result from the search pertaining to me based on the following criteria.
>
> The information requested includes but is NOT limited to the following independent parameters.
>
> 1.   The time frame for this request is between Jan 2002 until the date search is executed.
>
> 2.   This is to include any communication where my name appears in the subject line or within the body of the communication.
>
> 3.   This is to include ALL variations of my name as "Aman" or "Aman Malik" or "Adam Malik" or "Adam A Malik" or "Adam Arman Malik" or "Attorney Malik" or "Attorney Adam Malik".
>
> 4.   This is to include communication from any account/account holder. (An example of an account is an email address.)

5. This is to include communication to any account/account holder. (An example of an account is an email address.)

6. This request includes all email account addresses that end with "@uscis.dhs.gov", "@dhs.gov", "@uscis.gov" or any other domain extensions used by the preceding agencies or times.

7. This is to include all accounts AND email account, which any individual that works for or at the United States Citizenship and Immigration Services, uses or has access to.

8. This request includes any entities, individuals, or organization, contractors that either work directly or indirectly with the agency or department.

9. This request includes ALL folders within an account or email mailbox, which includes but is not limited to the following:

    a. This request is NOT limited to the "inbox" Folder.

    b. This request is NOT limited to the "Sent" Folder.

    c. This request is NOT limited to the "Draft" Folder.

    d. This request is NOT limited to the "Junk" Folder.

    e. This request is NOT limited to the "Deleted" Folder.

    f. This request is NOT limited to the "Deleted Items" Folder.

    g. This request is NOT limited to the "Junk Email" Folder.

    h. This request is NOT limited to the "Archived Email" Folder, other otherwise archived emails.

    i. This request is INCLUDES any other folder that exist in each account/email mailbox.

    j. This request is INCLUDES any other folder that are created by a user in each account/email mailbox.

10. This request includes retrieval and restoring of items that have been deleted from the "deleted items" folder.

11. This request includes retrieval and restoring of items that have been deleted from any of the folder within the account/email mailbox.

Secondly, to the request above to the IT department, I also make the following request to the FOIA/PA officer.

3

> Provide to me with copies of any documents, records, information, and files, whether digital or physical, pertaining to myself and in reference to the following:
>
> 1. All documents contained within or related to my Personal file and/or Human Resource file kept by the department and the agency.
>
> 2. All document related to my employment applications and/or employment with the department and the agency.
>
> 3. All documents related to my background and security checks in reference to my employment with the department or the agency.
>
> 4. All documents, records, information, and files kept related to me kept by the department or the agency.

*See* Panter Decl. ¶ 8, ECF No. 31-3 (emphasis in original omitted).

On March 14, 2022, Plaintiff filed suit in this Court. *See generally* Compl., ECF No. 1. To respond to Plaintiff's requests, the agencies referred parts of each request to each other and consulted with one another, the extent of which is detailed in declarations and *Vaughn* indexes submitted in support of the agencies' prior motion for summary judgment, which the Court largely granted. *See generally* Mem. Op. & Order, ECF No. 45; *see also Malik v. DHS*, Civ. A. No. 22-0698 (CRC), 2025 WL 763642 (D.D.C. Mar. 11, 2025). The only remaining issue is the exemptions applied by USCIS to a single document: a Memo for the Record. *Id.* at *10-11. In accordance with the Court's Memorandum Opinion and Order, USCIS produces a supplemental affidavit clarifying how the withholdings of the Memo for the Record relate to law-enforcement functions and to USCIS's independent Exemption 5 withholdings, and USCIS renews its motion for summary judgment as to the withholding on the Memo for the Record. *Id.* at *14.

## LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if a reasonable factfinder could return a verdict for the

4

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Id.* Although all inferences are taken in a light most favorable to the nonmoving party, a party opposing summary judgment may not rest on allegations or denials from its pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 255-56. In a FOIA case, summary judgment may be granted "on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 584 (D.C. Cir. 2020) (citation omitted).

## ARGUMENTS

**I.      Exemption 7(E)**

Exemption 7(E) protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law[.]" 5 U.S.C. § 552(b)(7)(E).

To determine "whether records are compiled for law enforcement purposes, this circuit has long emphasized that the focus is on how and under what circumstances the requested files were compiled and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Clemente v. FBI*, 867 F.3d 111, 119 (D.C. Cir. 2017) (citation omitted). "Notably, a record may be compiled for law enforcement purposes even if it relates to guidelines, techniques, and procedures for law enforcement investigations and prosecutions outside of the

5

context of a specific investigation." *Advancement Project v. DHS*, 549 F. Supp. 3d 128, 144 (D.D.C. 2021) (cleaned up) (quoting *Tax Analysts v. IRS*, 294 F.3d 71, 78 (D.C. Cir. 2002)).

Further, "an agency need not show that a document from which information is redacted under Exemption 7 was itself compiled for a law enforcement purpose." *New Orleans Workers' Ctr. for Racial Just. v. USCIS*, 373 F. Supp. 3d 16, 64 (D.D.C. 2019). "Exemption 7 applies to 'records *or information* compiled for law enforcement purposes,' and an agency may properly redact information from 'records [that] were not themselves compiled for law enforcement purposes' so long as the 'information [itself] was compiled for law enforcement purposes[.]'" *Id.* (citations omitted; emphasis in original).

Additionally, the D.C. Circuit has set a relatively low bar for the agency to justify withholding. *Pinson v. Dep't of Just.*, 313 F. Supp. 3d 88, 117 (D.D.C. 2018). "Such information may be withheld 'not just for circumvention of the law, but for a risk of circumvention; not just for an actual or certain risk of circumvention, but for an expected risk; not just for an undeniably or universally expected risk, but for a reasonably expected risk; and not just for certitude of a reasonably expected risk, but for the chance of a reasonably expected risk.'" *Id.* (quoting *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009)).

"Moreover, the first clause of Exemption 7(E) affords categorical protection for techniques and procedures used in law enforcement investigations or prosecutions, whereas the second clause separately protects guidelines for law enforcement investigations or prosecutions if their disclosure could reasonably be expected to risk circumvention of the law." *Id.* (cleaned up) "Furthermore, the government must show that the records contain law-enforcement techniques and procedures that are generally unknown to the public." *Id.* (cleaned up). And like the other exemptions, "[t]he proper assertion of 7(E) goes a long way to show the risk of foreseeable harm from disclosure."

6

*Kendrick v. FBI*, Civ. A. No. 20-2900 (TNM), 2022 WL 4534627, at *10 (D.D.C. Sept. 28, 2022), *aff'd*, No. 22-5271, 2023 WL 8101123 (D.C. Cir. Nov. 21, 2023).

Here, the Memo for the Record satisfies Exemption 7(E). As explained by the supplemental USCIS declaration, "the Memo is an unsigned draft document that contains information that was analyzed and reviewed by a staff member of the Office of Security and Integrity about the background investigative report provided by the Office of Personnel Management[.]" Baxley Decl. ¶ 6, ECF No. 46-2. "[The Office of Personnel Management ("OPM")] conducted Plaintiff's background investigation in connection with [Plaintiff's] employment application and provided that information to USCIS for consideration in its decision whether to offer Plaintiff employment." *Id.* "The Memo for the Record describes in detail portions of the background investigation conducted by OPM and concludes with a recommendation by the staff member of the Office of Security and Integrity regarding Plaintiff's employment application." *Id.*

Further, the Baxley declaration explains that "information, if released, would reveal the type of information that OPM considers in its investigation and the focus of the background investigation when assessing an individual's suitability for federal employment." *Id.* ¶ 9. "The Memo, although drafted by the staff member of USCIS's Office of Security and Integrity, includes detailed information provided by OPM in their background investigation on Plaintiff." *Id.* "The parts of OPM's investigation that USCIS's staff member reported in the Memo discusses the steps that OPM took in their investigation and the specific relevant details that OPM focuses on when conducting these types of employment investigations." *Id.*

This information falls squarely under Exemption 7(E), and the Court recognized it in its prior Memorandum Opinion and Order. *Malik*, 2025 WL 763642, at *11 (recognizing that "the results of a background investigation into Malik . . . might justify a law-enforcement nexus"); *see*

7

*also Morley v. CIA*, 508 F.3d 1108, 1128-29 (D.C. Cir. 2007) ("Background investigations conducted to assess an applicant's qualifications . . . inherently relate to law enforcement." (citing *Mittleman v. OPM*, 76 F.3d 1240, 1243 (D.C. Cir. 1996))); *Morley*, 508 F.3d at 1129 ("It is self-evident that information revealing security clearance procedures could render those procedures vulnerable and weaken their effectiveness at uncovering background information on potential candidates.").

## II. <u>Exemptions 6 and 7(C)</u>

Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy[.]") 5 U.S.C. § 552(b)(7)(C). When information is claimed to be exempt from disclosure under both Exemption 6 and 7(C), courts "focus . . . on Exemption 7(C) because it provides broader privacy protection than Exemption 6 and thus establishes a lower bar for withholding material." *Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Just.*, 854 F.3d 675, 681 (D.C. Cir. 2017). So, when agencies rely on both Exemptions 6 and 7(C) for the same material, the Court need not "consider Exemption 6 separately[.]" *Roth v. Dep't of Just.*, 642 F.3d 1161, 1168 (D.C. Cir. 2017).

As a threshold matter, the agency invoking Exemption 7(C) must demonstrate the withheld records were "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). If this threshold is cleared, the agency must demonstrate that "(1) disclosure could 'reasonably be expected to constitute an unwarranted invasion of privacy' and (2) the 'personal privacy interest' is not 'outweighed by the public interest in disclosure.'" *Elec. Priv. Info. Ctr. v. Dep't of Just.*, 18 F.4th

8

712, 718 (D.C. Cir. 2021) (quoting *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 160 (2004)). Once the agency shows that the "privacy concerns addressed by Exemption 7(C) are present," the party seeking disclosure must show "that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake," and that "the information is likely to advance that interest." *Id.* Further, "the only public interest relevant for purposes of Exemption 7(C) is one that focuses on the citizens' right to be informed about what their government is up to." *Groenendal v. Exec. Off. for U.S. Att'ys*, Civ. A. No. 20-1030 (DLF), 2024 WL 1299333, at *9 (D.D.C. Mar. 27, 2024) (quoting *Sussman v. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007) (cleaned up)).

Here, USCIS applied Exemption 7(C) to redact the name of the USCIS employee who drafted the Memo. Baxley Decl. ¶ 12. As explained by the supplemental USCIS declaration, the person who drafted the Memo is an employee of the Office of Security and Integrity and is "charged with assessing threat management and anticipates and identifies threats and risks, evaluates them and determines how to address them." *Id.* The person has a significant privacy interest in avoiding "harassment and intimidation by the public" for the person's work and involvement in Plaintiff's case. *See* USCIS *Vaughn* Index at 63, ECF No. 31-4. Plaintiff did not provide consent for the release of the individual's name or articulate any public interest in the release of the person's name. Baxley Decl. ¶ 12; USCIS *Vaughn* Index at 63. The release of the staff member's name would not show the operations or activities of the government. Baxley Decl. ¶ 12. On balance, "the privacy interest outweighs the lack of public interest justifying the redaction of the name." *Id.*

The case law, further, supports withholding this person's name. *See Cabezas v. FBI*, 109 F.4th 596, 606-07 (D.C. Cir. 2024) (affirming withholdings under Exemption 7(C) of "identifying

9

information of FBI special agents and professional staff, an Assistant United States Attorney and other local law enforcement personnel, third parties mentioned in investigative records, a third party of investigative interest to the FBI, and an individual who provided information to the FBI in the course of the investigation of [the requester]"); *Schrecker v. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003) (collecting cases and noting that the D.C. Circuit's "decisions have consistently supported nondisclosure of names or other information identifying individuals appearing in law enforcement records").

### III.    Exemption 5 – Deliberative Process Privilege

Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "The exemption incorporates the deliberative process privilege, which protects 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated.'" *Waterman v. IRS*, 61 F.4th 152, 156 (D.C. Cir. 2023) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)) "To properly invoke Exemption 5, an agency must show that withheld documents are 'both predecisional and deliberative.'" *Id.* (quoting *Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 273 (2021)). A document is predecisional if it was "generated before the agency's final decision on the matter" and deliberative if it was "prepared to help the agency formulate its position." *Sierra Club*, 592 U.S. at 268.

The "ultimate purpose" of the deliberative process privilege is "to prevent injury to the quality of agency decisions." *Waterman*, 61 F.4th at 157 (quoting *Sears*, 421 U.S. at 151). It reflects the view that if agencies were "to operate in a fishbowl, the frank exchange of ideas and opinions would cease and the quality of administrative decisions would consequently suffer." *Id.* (quoting *Dudman Commc'ns Corp. v. Dep't of Air Force*, 815 F.2d 1565, 1567 (D.C. Cir. 1987).

The privilege also serves "to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action." *Id.* (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)).

Lastly, once an agency demonstrates that the deliberative process applies, it must also show foreseeable harm. 5 U.S.C. § 552(a)(8)(A)(i)(I). "In the context of withholdings made under the deliberative process privilege, the foreseeability requirement means that agencies must concretely explain how disclosure 'would'—not 'could'—adversely impair internal deliberations." *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 369-70 (D.C. Cir. 2021). The agency must provide "a focused and concrete demonstration of why disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede those same agency deliberations going forward." *Id.* at 370.

Here, the Court has already determined that "USCIS has adequately justified its Exemption 5 withholdings of the 'pre-decisional' and 'deliberative' 'opinions and recommendations' expressed in the memo by explaining that their disclosure would 'hinder the free flow of communication between employees . . . if they believed everything they stated was to be publicly released." *Malik*, 2025 WL 763642, at *10. However, the Court also allowed USCIS to provide more information about "how the withholdings of the 'Memo for the Record' relate to . . . the agency's independent Exemption 5 withholdings," to the extent that Exemption 7(E) does not apply. *Id.* at *11.

While USCIS's position is that the redacted information on the Memo is exemption under 7(E), it is also USCIS's position that the same information is also protected under Exemption 5, as the Court previously found. *Id.* at *10-11; Baxley Decl. ¶ 10 ("As clarification, in addition to

11

being exempt under (b)(7)(E), the same information is also protected per Exemption (b)(5), 5 U.S.C. §552(b)(5)[.]"). "Exemption (b)(5) was applied to the memo as the memo contains deliberative information that was pre-decisional in nature and does not reflect a final agency determination regarding Plaintiff's employment application." Baxley Decl. ¶ 10. "If this information were to be disclosed, it would harm agency decision-making as it would reveal information that was not finalized or adopted into a final agency document." *Id.* "As described in the *Vaughn*, there is foreseeable harm in releasing the information as it would hinder the free flow of communication between employees in sharing their opinions and recommendation if they believed everything that they memorialized into draft documents were to be released to the public." *Id.* "Employees would be hesitant to share their opinions if these opinions were ultimately released to the public and would harm agency information-sharing and the quality of agency decisions." *Id.* "This is the case with the opinions and recommendations contained in this document in which the staff member of USCIS's Office of Security and Integrity has expressed his opinion and recommendation after analyzing and considering the information provided by OPM in conducting Plaintiff's background investigation." *Id.* This satisfies the deliberative process privilege, as the Court already recognized. *Malik*, 2025 WL 763642, at *10.

## IV. USCIS Reasonably Segregated Nonexempt Information from the Memo

"An agency shall . . . consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and take reasonable steps necessary to segregate and release nonexempt information." 5 U.S.C. § 552(a)(8)(A)(ii). "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). Non-exempt portions of a document must be disclosed unless they are "inextricably intertwined" with exempt portions. *Sussman v. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007) (quoting *Mead*

12

*Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)). Agencies, further, are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material. *Lewis v. Dep't of Treasury*, 851 F. App'x 214, 217 (D.C. Cir. 2021); *Sussman*, 494 F.3d at 1117.

Here, USCIS has explained that "[a]ll other information on these pages was segregated and released." *See* USCIS *Vaughn* Index at 64, ECF No. 31-4. This assertion is entitled to a presumption of compliance, and Plaintiff points to no record evidence to rebut that presumption.

## CONCLUSION

For the reasons above, the Court should grant summary judgment to USCIS.

Date: April 9, 2025
Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:   */s/ Sam Escher*
SAM ESCHER, D.C. Bar # 1655538
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2531
Sam.Escher@usdoj.gov

*Attorneys for the United States of America*