UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ADAM MALIK,

        Plaintiff,

v.

DEPARTMENT OF HOMELAND
SECURITY, et al.,

        Defendants.

Civil Action No. 22-0698 (CRC)

**DEFENDANT USCIS'S REPLY IN FURTHER SUPPORT OF ITS
RENEWED MOTION FOR SUMMARY JUDGMENT**

Defendant United States Citizenship and Immigration Services ("USCIS"), through undersigned counsel, respectfully files this reply in further support of its renewed motion for summary judgment under Federal Rule of Civil Procedure ("Rule") 56 and Local Civil Rule ("Local Rule") 7(h) against Plaintiff Adam Malik's claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Defendant USCIS relies on the arguments from its renewed motion. The Memo for the Record at issue clearly falls under Exemption 7(E). Plaintiff seems to suggest that the Memo does not contain the results of a background investigation, *see* Pl.'s Opp'n at 5-6, ECF No. 49, but the record evidence demonstrates that is incorrect. Again, as explained by the supplemental USCIS declaration, "the Memo is an unsigned draft document that contains information that was analyzed and reviewed by a staff member of the Office of Security and Integrity about the background investigative report provided by the Office of Personnel Management[.]" Baxley Decl. ¶ 6, ECF No. 46-2. "[The Office of Personnel Management ("OPM")] conducted Plaintiff's background investigation in connection with [Plaintiff's] employment application and provided that

information to USCIS for consideration in its decision whether to offer Plaintiff employment." *Id.* "The Memo for the Record describes in detail portions of the background investigation conducted by OPM and concludes with a recommendation by the staff member of the Office of Security and Integrity regarding Plaintiff's employment application." *Id.*

Further, the Baxley declaration explains that "information, if released, would reveal the type of information that OPM considers in its investigation and the focus of the background investigation when assessing an individual's suitability for federal employment." *Id.* ¶ 9. "The Memo, although drafted by the staff member of USCIS's Office of Security and Integrity, includes detailed information provided by OPM in their background investigation on Plaintiff." *Id.* "The parts of OPM's investigation that USCIS's staff member reported in the Memo discusses the steps that OPM took in their investigation and the specific relevant details that OPM focuses on when conducting these types of employment investigations." *Id.*

This information falls squarely under Exemption 7(E), and the Court recognized as much in its prior Memorandum Opinion and Order. *Malik v. DHS*, Civ. A. No. 22-0698 (CRC), 2025 WL 763642, at *11 (D.D.C. Mar. 11, 2025) (recognizing that "the results of a background investigation into Malik . . . might justify a law-enforcement nexus"); *see also Morley v. CIA*, 508 F.3d 1108, 1128-29 (D.C. Cir. 2007) ("Background investigations conducted to assess an applicant's qualifications . . . inherently relate to law enforcement." (citing *Mittleman v. OPM*, 76 F.3d 1240, 1243 (D.C. Cir. 1996))); *Morley*, 508 F.3d at 1129 ("It is self-evident that information revealing security clearance procedures could render those procedures vulnerable and weaken their effectiveness at uncovering background information on potential candidates.").

Otherwise, Plaintiff seems to complain that USCIS should have segregated words like, "we interviewed Mr. Malik's former neighbors," Pl.'s Opp'n at 6, but "a court may decline to order an

agency to commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 n.55 (D.C. Cir. 1977) ("Since the focus of the FOIA is information, not documents as a whole, and not simply words which the Government has written down, it should be legitimate to consider the information content of the non-exempt material which a FOIA plaintiff seeks to have segregated and disclosed.").

For the reasons above and in its opening brief, USCIS's renewed motion for summary judgment should be granted.

Date:  July 25, 2025           Respectfully submitted,
       Washington, DC
                               JEANINE FERRIS PIRRO
                               United States Attorney

                               By:      */s/ Sam Escher*
                                      SAM ESCHER, D.C. Bar # 1655538
                                      Assistant United States Attorney
                                      601 D Street, N.W.
                                      Washington, D.C. 20530
                                      (202) 252-2531
                                      Sam.Escher@usdoj.gov

                                      *Attorneys for the United States of America*