UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ADAM MALIK**,

        Plaintiff,

        v.

**DEPARTMENT OF HOMELAND SECURITY**, *et. al.*,

        Defendants.

Case No. 22-cv-0698 (CRC)

## MEMORANDUM OPINION

This case stems from a January 2021 dust-up between Texas attorney Adam Malik and federal immigration officers at Dallas Fort Worth International Airport. Malik claims that as he attempted to reenter the country, the officers denied him entry, interrogated him, seized his phone, threatened his arrest, and physically assaulted him. Seeking records related to this incident and the ensuing revocation of his Global Entry membership, Malik lodged Freedom of Information Act ("FOIA") requests with five separate agencies. The agencies responded and, finding the responses lacking, Malik sued.

The Court previously granted summary judgment to the agencies on nearly all of Malik's challenges to the adequacy of the agencies' searches and their withholdings. See Malik v. DHS, 22-cv-698 (CRC), 2025 WL 763742 (D.D.C. Mar. 11, 2025). However, it reserved judgment as to one document that Malik sought from United States Citizenship and Immigration Services ("USCIS") and required the agency to submit an additional affidavit (or Vaughn index) to justify the redactions it made to the document. The government has now done so and again seeks summary judgment as to that document. Because the government's justifications for the

redactions satisfy FOIA Exemptions 7(E) and 7(C), the Court will now grant summary judgment in full.

## I. Background

The Court outlined the factual and procedural background of the case in its previous opinion, see Malik, 2025 WL 763742, at *1–4, so need not recount it here. In that opinion, the Court granted summary judgment to the agencies on nearly all issues. Id. at *7–14. However, as to Malik's FOIA request to USCIS, it withheld judgment on the propriety of the government's redactions to a single document: a "Memo for the Record" concerning Malik's application for employment with the agency. Id. at *10–11. The Court explained that USCIS had not met the threshold requirement for FOIA Exemptions 7(E) and 7(C), as the agency had failed to show that the document was prepared for a law enforcement purpose. Id. It ordered USCIS to submit a supplemental affidavit or Vaughn index to justify the withholding based on FOIA Exemption 7 or, alternatively, Exemption 5, under which the Court previously upheld some redactions to the same document. Id. at 11.

USCIS subsequently filed a renewed motion for summary judgment along with a supplementary declaration. See Def.'s Mot. for Sum. Judg., ECF No. 46. Malik opposed, and the motion is ripe for the Court's review.

## II. Legal Standards

Summary judgment may be granted when the moving party establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, Fed. R. Civ. P. 56(a), and is the typical mechanism for determining whether an agency has met its FOIA obligations. See, e.g., Jud. Watch, Inc. v. CFPB, 60 F. Supp. 3d 1, 6 (D.D.C. 2014) (citations omitted).

To obtain summary judgment after invoking a FOIA exemption, an agency must first show that the material falls under the claimed exemption. Larson v. Dep't of State, 565 F.3d 857, 861 (D.C. Cir. 2009) (citation omitted). Agencies can do so by providing sufficiently detailed declarations. Id. at 863. "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." Jud. Watch, Inc. v. DOD, 715 F.3d 937, 941 (D.C. Cir. 2013) (internal quotation marks omitted) (citation omitted). Because the primary purpose of FOIA is disclosure, exemptions are construed narrowly. DiBacco v. U.S. Army, 795 F.3d 178, 183 (D.C. Cir. 2015) (citation omitted). Further, the agency must make a "focused and concrete" showing that disclosing the withheld records would cause foreseeable harm. Reps. Comm. for Freedom of the Press v. FBI, 3 F.4th 350, 370 (D.C. Cir. 2021); 5 U.S.C. § 552(a)(8)(A)(i)(I).

### III. Analysis

USCIS asserts that the different pieces of information redacted from the Memo for the Record are covered by Exemptions 7(E) and 7(C) or, in the alternative, Exemption 5. Because the Court concludes that Exemptions 7(E) and 7(C) protect the information in question, it does not consider Exemption 5's applicability.

A. Nexus to Law Enforcement under Exemption 7

FOIA Exemption 7 allows the government to withhold law enforcement records on a variety of bases. For any of these bases to apply, the responding agency must, as a threshold matter, show that the withheld information "relate[s] to . . . an enforcement proceeding." Clemente v. FBI, 867 F.3d 111, 119 (D.C. Cir. 2017) (quoting Jefferson v. DOJ, Off. of Pro. Resp., 284 F.3d 172, 176 (D.C. Cir. 2002)). USCIS, as a "mixed-function agency" that "primarily engage[s] in civil administration" rather than law enforcement, is not entitled to

deference in its invocation of Exemption 7.  See Am. Civ. Liberties Union of S. Cal. v. USCIS, 133 F. Supp. 3d 234, 242 (D.D.C. 2015).

While USCIS previously failed to show that the Memo for the Record was prepared for law enforcement purposes, its supplemental declaration rectifies that shortcoming.  The new declaration explains that the information redacted under Exemption 7 discusses the Office of Personnel Management's background investigation of Malik when he applied to work for the federal government; USCIS also redacted the name of the employee who authored the memorandum.  See Baxley Decl. ¶ 9.  As the Court previously indicated, a background investigation can relate to law enforcement.  Malik, 2025 WL 763642, at *11 (citing Morley v. CIA, 508 F.3d 1108, 1128–29 (D.C. Cir. 2007) ("Background investigations conducted to assess an applicant's qualifications . . . inherently related to law enforcement.")); see also Mittleman v. OPM, 76 F.3d 1240, 1243 (D.C. Cir. 1996) (holding that the CIA's clearance and investigatory processes relate to a law enforcement purpose) (per curiam).  Although the Memo for the Record itself pertained to USCIS's consideration of Malik's job application, the redacted information described OPM's background check into Malik.  And if the redacted information was compiled for a law enforcement purpose, it is not necessary for the memo to have been.  See New Orleans Workers' Ctr. for Racial Just. v. ICE, 373 F. Supp. 3d 16, 64 (D.D.C. 2019).  As for the redaction of the name of the memo's author, the supplemental declaration indicates that the employee is "charged with assessing threat management and anticipates and identifies threats and risks, evaluates them and determines how to address them."  Baxley Decl. ¶ 12.  These responsibilities have a clear nexus to law enforcement.  Accordingly, Exemption 7 applies.

Malik counters that the D.C. Circuit's determination that the background investigations at issue in Morley and Mittleman related to law enforcement should not be extended "to a routine

4

pre-employment background investigation for a USCIS position[.]." Pl.'s Opp'n at 7. Those cases are different, Malik posits, because they involved applications for more sensitive positions. Id. But other courts in this district have broadly applied Exemption 7 to OPM's background check process. In Sheridan v. OPM, for example, the court applied Morley and Mittleman to shield materials—computer source code and related documents—that OPM used in all of its background checks for federal employment. 278 F. Supp. 3d 11, 20–21 (D.D.C. 2017) (K.B. Jackson, J.); see also Henderson v. Off. of the Dir. of Nat'l Intel., 151 F. Supp. 3d 170, 175–77 (D.D.C. 2016) (applying Morley and Mittleman to OPM's withholding of background check procedures for employees or contractors with access to federally controlled facilities and information systems). And that makes sense, because even applicants for routine federal positions could pose a meaningful risk to government functions and security should they be able to evade OPM's vetting procedures.

The Court now turns to the bases on which USCIS invokes Exemption 7.

B. Exemption 7(E)

First, Exemption 7(E) protects documents that "would disclose techniques and procedures for law enforcement investigations or prosecutions[.]" 5 U.S.C. § 552(b)(7). This exemption "sets a relatively low bar" for withholding: "'Rather than requiring a highly specific . . . showing [of] how the law will be circumvented,'" the agency need only "'demonstrate logically how the release of the requested information might create a risk of circumvention of the law.'" Blackwell v. FBI, 646 F.3d 37, 42 (D.C. Cir. 2011) (quoting Mayer Brown LLP v. IRS, 562 F.3d 1190, 1194 (D.C. Cir. 2009)). While exemption 7(E) generally does not apply to "routine techniques and procedures already well known to the public," Founding Church of Scientology of Wash., D.C., Inc. v. NSA, 610 F.2d 824, 832 n.67 (D.C. Cir. 1979) (citation

omitted), "the first clause of Exemption 7(E) affords categorical protection for techniques and procedures used in law enforcement investigations or prosecutions, whereas the second clause separately protects guidelines for law enforcement investigations or prosecutions if their disclosure could reasonably be expected to risk circumvention of the law." Pinson v. DOJ, 313 F. Supp. 3d 88, 117 (D.D.C. 2018) (cleaned up).

Since the information USCIS sought to redact under Exemption 7(E) relates to law enforcement purposes, the question is whether it "might create a risk of the circumvention of the law." Blackwell, 646 F.3d at 42. USCIS explains that "the parts of OPM's investigation that USCIS's staff member reported in the Memo for the Record discusses the steps that OPM took in their investigation and the specific relevant details that OPM focuses on when conducting these types of employment investigations." Baxley Decl. ¶ 9. That is precisely the type of process Exemption 7(E) is meant to protect because "information revealing [these] procedures could render [them] vulnerable and weaken their effectiveness at uncovering background information on potential candidates." Morley, 508 F.3d at 1129; see also Sheridan, 278 F. Supp. 3d. at 23 ("These are logical risks of exactly the sort that Exemption 7(E) empowers agencies to avoid"). Thus, USCIS may redact the information pursuant to Exemption 7(E).

C. Exemption 7(C)

USCIS also seeks to redact the identity of the employee who authored the Memo for the Record pursuant to Exemption 7(C), which protects "records or information compiled for law enforcement purposes" where disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy[.]" 5 U.S.C. § 552(b)(7). Courts must balance the agency's privacy concerns against the public's interest in the information, but they need only

6

determine that disclosure would "reasonably be expected" to be an "unwarranted" privacy intrusion.  See DOJ v. Reps. Comm. for Freedom of Press, 489 U.S. 749, 756 (1989).

Caselaw in this circuit consistently allows for the withholding of names in law enforcement records due to potential harassment or unwanted attention that disclosure might cause.  See Schrecker v. DOJ, 349 F.3d 657, 661 (D.C. Cir. 2003).  Given that the individual whose name is redacted oversees critical security functions at USCIS, that logic applies here.  The question, then, is whether there is an overriding public interest that nevertheless justifies disclosure.  Malik asserts no public interest in the name being released.  Thus, because "something outweighs nothing every time," the privacy interest here outweighs the public interest.  Kearns v. FAA, 312 F. Supp. 3d 97, 110 (D.D.C. 2018) (citation and quotations omitted).

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion for Summary Judgment.  A separate Order shall accompany this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: October 22, 2025